IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

STEPHEN T. SUMMERS,                )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        Case No. CIV-06-996-T
                                   )
DAVID T. BALL,                     )
                                   )
                Defendant.         )

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by

United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, has timely objected.  Thus the Court

must make a de novo determination of portions of the Report to which specific objection is made,

and may accept, modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b).

Judge Couch recommends dismissal of the action under 28 U.S.C. § 1915(e)(2)(B)(ii)

because the Complaint fails to state a claim for relief under 42 U.S.C.§ 1983.  Plaintiff complains

of conduct by a criminal defense attorney who allegedly provided deficient representation regarding

charges to which Plaintiff pled guilty in Lincoln County, Oklahoma.  Judge Couch finds insufficient

factual allegations to show Defendant acted under color of state law.  Plaintiff opposes this finding

with additional factual allegations and materials regarding his criminal case.[1]

---

[1] Plaintiff has waived further review of all issues not addressed in his objection.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real*

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation omitted).  The concept "requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.*; *quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Although the docket sheet supplied with Plaintiff's objection indicates Defendant was an attorney with "OIDS" or the Oklahoma Indigent Defense System, Judge Couch correctly states that even a state-employed public defender is not acting under color of state law under the alleged circumstances.  *See* Report & Recomm. at 3, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Further, Plaintiff fails to provide any specific allegations that would show a conspiracy between Defendant and state actors.  *See* Report & Recomm. at 3-4, citing *Sooner Prod. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983); *see also Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).

In short, the Court fully concurs in Judge Couch's finding that the Complaint fails to state a claim on which relief may be granted under § 1983.  Therefore, the Court adopts the Report and Recommendation [Doc. 8] and orders the dismissal of Plaintiff's complaint under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED this 14th day of November, 2006.

---

*Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE